UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK ANDERSON,

    Plaintiff,

v.                                CASE No. 8:12-CV-1843-T-TGW

MFP, INC.,

    Defendant.

_____

ORDER

THIS CAUSE came on for consideration upon Defendant, MFP, Inc.'s, Renewed Motion for Judgment as a Matter of Law and Alternative Motion for New Trial or Remittitur (Doc. 104) and the response thereto (Docs. 106, 107). The motion challenges a jury verdict finding that, in violation of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act, the defendant communicated with the plaintiff after it knew that the plaintiff was represented by an attorney. For the following reasons, the motion will be denied, except that the award of actual damages of $500 will be reversed due to lack of evidentiary support.

I.

The plaintiff, Derrick Anderson, sued the defendant, MFP, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. 559.72, in connection with an attempt to collect a debt.[1] Specifically, the plaintiff alleged that the defendant communicated with him despite knowing that he was represented by an attorney. This matter was tried before a jury in July 2014.

The jury found that the plaintiff proved by a preponderance of the evidence that in violation of the FDCPA and the FCCPA the defendant "communicated with him after Defendant knew that Plaintiff was represented by an attorney with respect to the debt, and had knowledge of, or could easily ascertain, Plaintiff's attorney's name and address" (Doc. 95, p. 1). It further found that the defendant was not entitled to a bona fide error defense (id., p. 2). The jury awarded the plaintiff statutory damages of $1,000 under both the

---

[1] In addition to defendant MFP, the amended complaint was brought against defendants St. Joseph's Hospital, Inc.; AR Resources, Inc.; and Gunster, Yoakley & Stewart, P.A. (Doc. 20). The claims against these defendants were subsequently dismissed (Docs. 44, 53, 61).

FDCPA and the FCCPA, as well as actual damages of $500 (id., pp. 2-3). Thereafter, judgment was entered in favor of the plaintiff in the amount of $2,500 (Doc. 96).

The defendant now renews its motion for judgment as a matter of law and, alternatively, seeks a new trial or remittitur (Doc. 104). The plaintiff has filed a memorandum in opposition to the motion (Docs. 106, 107). Subsequently, oral argument was heard on the motion.

II.

Under Rule 50, Fed.R.Civ.P., if a party has been fully heard on an issue, and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may direct entry of judgment as a matter of law for the opposing party. The well-established standards for resolving such a motion were summarized in Williams v. Motorola, Inc., 303 F.3d 1284, 1289-90 (11th Cir. 2002) (citation omitted), as follows:

> We consider all the evidence, and the inferences drawn therefrom, in the light most favorable to the nonmoving party. If the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict, then the motion was properly granted. Conversely, if there is substantial evidence

> opposed to the motion such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions, then such a motion was due to be denied and the case was properly submitted to the jury.
>
> It bears repeating that a mere scintilla of evidence does not create a jury question. Motions for judgment as a matter of law ... need not be reserved for situations where there is a complete absence of facts to support a jury verdict. Rather, there must be a substantial conflict in evidence to support a jury question.

The Supreme Court in <u>Reeves</u> v. <u>Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 151 (2000), explained that, when considering all the evidence in the record, "the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses'" (<u>quoting</u> 9A C. Wright & A. Miller, <u>Federal Practice and Procedure</u> §2529, p. 300 (2d ed. 1995)).

The defendant contends that, based on the evidence presented at trial, "no reasonable person could conclude that Defendant is liable under the FDCPA or FCCPA" (Doc. 104, p. 3). Specifically, the defendant argues that it is entitled to judgment as a matter of law because the evidence does not

> opposed to the motion such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions, then such a motion was due to be denied and the case was properly submitted to the jury.
>
> It bears repeating that a mere scintilla of evidence does not create a jury question. Motions for judgment as a matter of law ... need not be reserved for situations where there is a complete absence of facts to support a jury verdict. Rather, there must be a substantial conflict in evidence to support a jury question.

The Supreme Court in <u>Reeves</u> v. <u>Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 151 (2000), explained that, when considering all the evidence in the record, "the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses'" (<u>quoting</u> 9A C. Wright & A. Miller, <u>Federal Practice and Procedure</u> §2529, p. 300 (2d ed. 1995)).

The defendant contends that, based on the evidence presented at trial, "no reasonable person could conclude that Defendant is liable under the FDCPA or FCCPA" (Doc. 104, p. 3). Specifically, the defendant argues that it is entitled to judgment as a matter of law because the evidence does not

support a finding that it called the plaintiff before May 14, 2012, and, also, that it proved that it is entitled to a bona fide error defense (id., pp. 3-7).

The plaintiff testified at trial that he received a phone call from the defendant on May 7, 2012 (Doc. 101, p. 6). During that phone call, the plaintiff told the defendant's representative, "I am being represented by an attorney, and I cannot discuss anything regarding this matter to you guys" (id.).

On May 14, 2012, the plaintiff received two more calls from the defendant (id., p. 8). When he returned the defendant's calls, the plaintiff advised the defendant that he was represented by an attorney, and that anything pertaining to this matter should be discussed with his attorney (id.). Thereafter, the plaintiff called his attorney and said, "I'm being contacted by this collection agency. And they are constantly calling me, harassing me, asking me for money that I just simply don't have" (id., p. 10).

On the other hand, Keegan Labrador, the defendant's collection manager, testified that there were no phone calls made to the plaintiff on May 7, 2012, the day that the plaintiff's account was assigned to the defendant, and the account had not been placed on the collection floor at that time (id.,

pp. 23, 24-25). Labrador explained that there would not have been any collection activity on the account between May 7, 2012, and May 14, 2012, because all accounts are placed on an "automatic seven-day hold ... to give time for the letter that we mailed out, the day it was loaded to reach the consumer before a telephone call comes in" (id., p. 28).

In addition, the defendant presented its collection notes for the jury's consideration. The collection notes do not reflect any phone calls to the plaintiff on May 7, 2012, and the entry for an incoming call from the plaintiff on May 14, 2012, indicates that the defendant's representative was unaware that the plaintiff was represented by counsel (Defendant's Trial Exhibit 1).

The defendant asserts that "the evidence does not support a finding that Defendant called Plaintiff prior to May 14, 2012" (Doc. 104, p. 3). In essence, the defendant argues that the jury should have believed its evidence rather than the plaintiff's testimony.

The determination of witness credibility is within the province of the jury, and it is not to be reviewed "unless such testimony is 'incredible as a matter of law.'" United States v. Hurry, 569 Fed. Appx. 796, 797 (11th

Cir. 2014) (citation omitted). "Testimony is incredible as a matter of law only when it is 'unbelievable on its face' and relates to 'facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature.'" Id. (citation omitted). Here, it cannot be said that the plaintiff's testimony was so inherently incredible that this factual dispute could be removed from the jury.

The defendant further contends that "there was insufficient evidence to award any actual damages under the FDCPA," and the plaintiff failed to show that he incurred any expenses or emotional distress from the alleged phone calls on May 14, 2012 (Doc. 104, pp. 4-5). This argument is persuasive. Thus, the plaintiff did not testify to any emotional distress from the defendant's May 14 telephone calls. Importantly, plaintiff's counsel did not even ask the plaintiff any questions designed to elicit testimony about emotional distress.

It is recognized that the plaintiff testified about a conversation with his attorney wherein he said, "I'm being contacted by this collection agency. And they are constantly calling me, harassing me, asking me for money that I just simply don't have" (Doc. 101, p. 10). This testimony,

however, fails to demonstrate any emotional distress or mental anguish. Consequently, there is no legally sufficient evidentiary basis for a jury to find for the plaintiff with respect to actual damages.

Finally, the defendant argues that judgment as a matter of law is appropriate on its bona fide error defense (Doc. 104, p. 6). Under the FDCPA and the FCCPA, a debt collector may not be held liable if it demonstrates by a preponderance of the evidence that the violation was: (1) unintentional, (2) a bona fide error, and (3) made despite the maintenance of procedures reasonably adapted to avoid the error. 15 U.S.C. 1692k(c); Fla. Stat. 559.77(3).

The defendant contends that "the account history did not reflect the attorney representation at the time of the alleged phone calls on May 14, 2012," and it "produced unrefuted evidence that it maintains procedures reasonably adapted to avoid contacting debtors known to be represented by counsel" (Doc. 104, p. 7). In light of the plaintiff's testimony that he told the defendant on May 7 that he was represented by an attorney, and that the defendant called again on May 14, the jury could reasonably find that the violation was intentional.

In sum, there is sufficient evidence to support the jury's verdict with respect to liability under the FDCPA and the FCCPA, as well as the defendant's bona fide error defense. Therefore, those findings will not be disturbed. On the other hand, the plaintiff presented no evidence in support of his claim for actual damages, and the defendant is entitled to judgment as a matter of law on that claim.

### III.

Alternatively, the defendant moves for a new trial (Doc. 104, p. 8). Pursuant to Rule 59(a)(1)(A), Fed.R.Civ.P., "[t]he court may, on motion, grant a new trial on all or some of the issues ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." A party's motion for a new trial (<u>Montgomery Ward & Co.</u> v. <u>Duncan</u>, 311 U.S. 243, 251 (1940)):

> may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.

"[A] grossly excessive award may warrant a finding that the jury's verdict was swayed by passion and prejudice and thus necessitate a new trial." Goldstein v. Manhattan Industries, Inc., 758 F.2d 1435, 1447 (11th Cir. 1985). However, a court should only order a new trial "where the verdict is so excessive as to shock the conscience of the court." Id.

The defendant argues that "the award of the maximum statutory damages under both the FDCPA and FCCPA satisfies the standard for a new trial" (Doc. 104, p. 8). Under both the FDCPA and the FCCPA, a debt collector that fails to comply with the applicable provisions may be found liable for statutory damages not to exceed $1,000. In determining the amount of liability to impose on the debt collector, the court should consider the frequency and persistence of the noncompliance by the debt collector, the nature of the noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. 1692k(b)(1); Fla. Stat. 559.77(2).

The defendant contends that the jury's award of statutory damages is "grossly excessive" because: (1) "[t]he nature of the alleged violation did not consist of threats of force, violence, or litigation, threats to communicate with the debtor's employer, the use of profane or vulgar

language, or other extreme violations of the statutes"; (2) "[t]he frequency of the alleged violations was minimal"; and (3) "[t]here was no evidence that Defendant intentionally violated the statute" (Doc. 104, p. 9).

As previously discussed, however, the plaintiff presented testimony in this case from which the jury could have reasonably found that the defendant intentionally violated the FDCPA and FCCPA. Further, a reasonable jury could view that testimony in such a way as to justify the statutory damages awarded in this case. Thus, the statutory damages are not so large as to shock the conscience of the court. Frankly, it is hard to conceive of any total award of twice the maximum statutory damages of $1,000 that could ever shock the court's conscience. The very modest limits established by the respective legislatures would appear to prevent such a circumstance.

It is, therefore, upon consideration

ORDERED:

That Defendant, MFP, Inc.'s, Renewed Motion for Judgment as a Matter of Law and Alternative Motion for New Trial or Remittitur (Doc. 104) be, and the same is hereby, **GRANTED** to the extent that judgment as

a matter of law shall be entered in favor of the defendant and against the plaintiff as to the claim for actual damages. In all other respects, the motion is **DENIED**. Consequently, the Clerk shall enter an amended judgment of $2,000 in favor of the plaintiff and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 5th day of February, 2015.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE